ORBAN v. STELLE.

1. EQUITY—CONSENT DECREE—MODIFICATION OF DECREE—AFFIRMATIVE RELIEF TO ENFORCE AN UNCONSCIONABLE PENALTY.

Although generally a court is without power to modify a consent decree except as consent is given by the parties concerned, it does not follow that where such decree provides for an unconscionable penalty that one who seeks to enforce it by applying to an equity court for affirmative relief can obtain such relief as a matter of right.

2. SAME—CONSTRUCTION OF CONSENT DECREE—DEPOSIT IN COURT CONSTRUED AS INDEMNITY RATHER THAN PENALTY.

Trial judge's construction of consent decree, entered pursuant to oral stipulation of counsel made in open court in mortgagor's injunction suit against foreclosure sale purchaser's eviction,

whereby $1,000 was deposited in court for defendant's costs and damages in case possession was not surrendered to him on a certain date, so as to constitute the provision one for indemnifying defendant from loss rather than for imposition of a penalty in equity *held*, proper.

Appeal from Wayne; Nicol (Henry G.), J. Submitted January 10, 1940. (Docket No. 28, Calendar No. 40,887.) Decided March 15, 1940.

Bill by John Orban against Oscar Stelle to restrain enforcement of writ of restitution. On petition of Oscar Stelle to have $1,000 posted with Wayne County Clerk turned over to him. Vincent Orban intervened. From order construing consent decree and referring cause to circuit court commissioner to ascertain amount of costs and damages, defendant appeals. Affirmed.

*E. Reed Hunt* and *Leon H. Lewis*, for defendant.

*Albert McClatchey* and *Corie C. Coburn*, for intervener.

NORTH, J. This is an appeal from an order of the circuit court construing and providing for the enforcement of certain portions of a consent decree. There is no claim of fraud, misrepresentation, or mistake. Appellant contends the circuit judge in fact modified the consent decree and that since a consent decree cannot be modified over the protest of one of the parties, the circuit judge's order was erroneously entered.

John Orban owned property subject to a mortgage. On foreclosure appellant Stelle purchased the property and after expiration of the time for redemption demanded possession.* Orban refused to deliver

---

* According to the record "the premises involved is a two-story solid brick building composed of seven stores, four apartments, offices and a meeting hall" and defendant became the purchaser at the circuit court commissioner's sale, purchasing the premises for the sum of $28,050, subject to approximately $18,000 delinquent city, county and State taxes.—REPORTER.

possession and Stelle sought to obtain possession by writ of restitution which the sheriff undertook to enforce. Thereupon Orban filed a bill to set aside the foreclosure decree and secured an injunction against execution of the writ of restitution. Before this case was tried the parties orally agreed in open court upon the terms of the decree which should be entered.

The consent decree was entered June 2, 1939, and according to its provisions Orban paid Stelle $180 and $1,000 was deposited by Vincent Orban with the clerk of the court, whereupon possession of the premises was retained by Vincent Orban (or possibly by both John and Vincent) as Stelle's tenant. The decree provided Orban should vacate and surrender possession to Stelle on or before June 30, 1939, and in event of his failure to do so the $1,000 deposit should be paid to Stelle for his "costs and damages." Orban did not surrender possession on or before June 30th, but instead retained possession until July 3d or 5th, when he was dispossessed by the sheriff acting under a writ of assistance.

After obtaining possession Stelle petitioned the circuit court to order the clerk to pay to Stelle the $1,000 deposit. This was opposed by Vincent Orban on the ground: "that he posted said $1,000 with said Casper Lingeman, county clerk, for the sole and only purpose of indemnifying said Omar P. Stelle for any damages that said Omar P. Stelle might sustain by reason of not securing possession of the said premises and not as a penalty." The circuit judge so held and required Orban to pay Stelle only his actual damages and costs resulting from Orban's holding possession from June 30th to July 3d or 5th; and referred the case to a circuit court commissioner for determination of the amount of such damages. From this holding of the circuit judge, Stelle has appealed.

Appellant stands on the proposition that since the decree which provided for deposit of the $1,000 was a *consent* decree, he is entitled to the $1,000 under the following decretal provision:

"That in the event said Vincent Orban fails to surrender the said last above described premises as aforesaid * * * Vincent Orban shall pay to the said Omar P. Stelle the sum of $1,000 *for his costs and damages.*"

As appellant construes the decree it unquestionably, under the facts of this case, provides for a penalty, not for liquidated damages. In general it may be said that except consent is given by the parties concerned a court is without power to modify a consent decree. But it does not follow when such a decree provides for an unconscionable penalty that one who seeks its enforcement, and to that end applies to an equity court for affirmative relief, can as a matter of right obtain such relief. Here the right and duty of the court to do equity is paramount.

Further, since the decree under which the deposit was made provides that the money was so deposited "for his (Stelle's) costs and damages," the circuit judge, who entered such decree pursuant to the oral stipulation of counsel made in open court, was fully justified in construing the terms of his decree to constitute a provision for indemnifying Stelle from loss, not one whereby an attempt was made to impose a penalty in equity.

The order from which this appeal was taken is affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Potter, Chandler, McAllister, and Butzel, JJ., concurred. Wiest, J., concurred in the result.